IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **KEITH V. WRISTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:05-0200** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case is presently pending before the Court on cross-Motions for Judgment on the Pleadings. Both parties have consented in writing to a decision by the United States Magistrate Judge.

The Plaintiff, Keith V. Wriston (hereinafter referred to as "Claimant"), filed an application for SSI on February 18, 2003 (protective filing date), alleging disability as of October 10, 1986, due to

> residuals of a right leg fracture, poor circulation in his legs, back problems, knee problems, carpal tunnel syndrome on the right, breathing problems, weakness of the right side of his body due to residuals of a stroke, thyroid and cholesterol problems, poor vision, a poor education, and nerve problems.

(Tr. at 13, 64, 86.)[1] The claims were denied initially and upon reconsideration. (Tr. at 56-58, 64-66.) On December 19, 2003, Claimant requested a hearing before an Administrative Law Judge

---

[1] This was Claimant's third application for SSI benefits, after previously having filed applications on July 27, 2000, and June 3, 2002, which were denied. (Tr. at 12.)

(ALJ). (Tr. at 67.) The hearing was held on July 27, 2004, before the Honorable John T. Yeary. (Tr. at 333-358.) The hearing was continued to allow Claimant to submit outstanding medical records from New River Family Health Association and to obtain further information pertaining to Claimant's receipt of presumptive benefits for a limited period of time. (Tr. at 357.) A supplemental hearing was held on October 14, 2004. (Tr. at 359-381.) By decision dated November 12, 2004, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 25-26.) The ALJ's decision became the final decision of the Commissioner on January 28, 2005, when the Appeals Council denied Claimant's request for review. (Tr. at 4-6.) Claimant filed the present action seeking judicial review of the administrative decision on March 8, 2005, pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2002). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the

claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the February 18, 2003, application date. (Tr. at 14.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairments of post right leg fracture, degenerative disc disease, and borderline intellectual functioning. (Tr. at 21, 25.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 21.) The ALJ then found that Claimant had a residual functional capacity for less than the full range of work at the medium exertional level with additional non-exertional limitations. (Tr. at 23.) Specifically, the ALJ found that Claimant was able to occasionally balance and climb ladders, ropes, and scaffolds; must avoid concentrated exposure to extreme cold, vibrations, and hazards; and required work that entails simple, repetitive tasks. (Tr. at 23.) The ALJ noted that Claimant "experiences mild to moderate pain but could be

attentive to and carry out assigned work tasks." (Tr. at 23.) At step four, the ALJ found that Claimant could not return to his past relevant work as a chain saw operator in the timber industry. (Tr. at 13, 24-25.) Nevertheless, at the fifth inquiry, the ALJ determined, on the basis of Vocational Expert [VE] testimony, that Claimant could perform medium level jobs such as a laundry worker and janitor and light level jobs such as a garment bagger, laundry folder, and label remover. (Tr. at 24-25.) On this basis, benefits were denied. (Tr. at 25-26.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was born on October 9, 1949, and was 54 years old at the time of the supplemental administrative hearing. (Tr. at 13, 338.) Claimant has a fifth grade education.[2] (Tr. at 13, 341, 98.) Claimant's past relevant work was that of a chain saw operator in the timber industry. (Tr. at 13, 24-25, 343-44, 373.)

The Medical Record

The Court has considered all evidence of record, including the medical evidence of record and will discuss it further below as it relates to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in (1) finding that Claimant's past relevant work included work as a chain saw operator and (2) not finding that Claimant satisfied the requirements of Section 203.10 of the Medical-Vocational Guideline, 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 203.10 (2004). The Commissioner argues that these arguments are without merit and that substantial evidence supports the ALJ's decision.

Analysis

Claimant first alleges that there was not substantial evidence to support the ALJ's decision that Claimant's work as a chain saw operator constituted past relevant work. The Commissioner

---

[2] The undersigned notes that Claimant indicated in his June 3, 2002, and January 9, 2003, Disability Adult Reports, that the highest grade completed was the sixth grade. (Tr. at 114, 146.) During his initial administrative hearing, however, he testified that he completed the fifth grade, but quit school prior to completing the sixth grade. (Tr. at 341.)

argues that Claimant's work as a chainsaw operator constituted past relevant work and therefore, the ALJ's decision is supported by substantial evidence.

Past relevant work is defined under the Regulations as work that the Claimant performed within the past fifteen years, that was substantial gainful activity, and that lasted long enough for the Claimant to learn to do it. 20 C.F.R. §§ 404.1560(b)(1); 416.960(b)(1) (2004). Substantial gainful activity is defined as activity that is both substantial and gainful as follows:

> (a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.
>
> (c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities or social programs to be substantial gainful activity.

20 C.F.R. §§ 404.1572; 416.972 (2004).

Concerning the recency requirement in this particular matter, the record contains conflicting evidence as to when Claimant was last employed as a chainsaw operator. Claimant's July 26, 2000, and June 3, 2002, Disability Reports indicate that Claimant had not worked since 1979. (Tr. at 93, 108, 131-36.) His January 9, 2003, Disability Report, indicates that his last two jobs were that of a miner from 1979 to 1982, and a firefighter from 1983 to 1985. (Tr. at 141.) However, Claimant stated in the Work History Report that accompanied his most recent Disability Report that he had not worked since 1979 or 1980. (Tr. at 162.) On August 7, 2002, he reported to Dr. Rodolfo Gobunsuy, M.D., that he worked as a timber cutter until 1992, but later advised Sunny S. Bell, M.A., on June 13, 2003, that he had not worked since 1979. (Tr. at 213, 258.) Earnings records reveal that

6

Claimant reported wages through 1979. (Tr. at 89.) Nevertheless, Claimant testified at the administrative hearing that he received cash payments for work as a chainsaw operator in the timber industry, that was not reported to Social Security. (Tr. at 342.) He was unable, however, to recall the exact dates of his last employment as a chainsaw operator. (Tr. at 343-44.) The following colloquy transpired between the ALJ and Claimant with respect to his past work:

> Q       I'm a little confused about what you've done in the way of - - for your work history. I've got essentially nothing since the '80s in the way of wages that have been reported to Social Security. But then throughout your file, there's some indication that you've done some other things - -
>
> A       Well - -
>
> Q       - - maybe for cash without - -
>
> A       Yes.
>
> Q       When did you last work?
>
> A       Well, let me - - I really can't tell you the year, but - - see, what it was like - - get a contract, you know, like cutting timber, right, somebody would get it and'd go in there and cut the timber, you know. Then they'd pay me cash for, you know, cutting the timber. And that's the way it was. And they had the contract, but they hired me to go in there and cut it and give me so much, you know, to cut the timber.
>
> Q    So you did do timber cutting then?
>
> A    Yeah. I have done timber cutting and I've worked in the mines.
>
> Q    Well, one indication here says you timber cut until about '92. Would that be right?
>
> A    Yeah, something like that because I used to work for Lawrence Tyler [phonetic]. He done died, down there in Pax. He cut mine props for the mines, the posts. Well, I'd go in there and cut the posts for him. That's the job I had was cutting them and getting them out.
>
> Q    Now, are we talking about taking timber that's already been cut and then trimming it up to make the posts or are we talking about - -

7

>A   No. We're talking about just cutting the round poles and measuring them and cutting them off in posts and - -
>
>Q   So you're not forming the tree up, then?
>
>A   Well, you got to trim it up and then cut the post out of the tree, you know.
>
>Q   Well, did you do that with a chain saw or - -
>
>A   Yeah.
>
>Q    - - did you have a - -
>
>A   We used a chainsaw to do it with. Then we used a joist to pull them out of the woods with for to get - - to load them on - -
>
>Q   A sled or something like that?
>
>A   Yes.

(Tr. at 342-44.)

The ALJ concluded that Claimant had past relevant work as a chain saw operator. (Tr. at 13, 25, Finding No. 6.) Based on the foregoing, the Court finds that substantial evidence does not support the finding that Claimant performed work as a chainsaw operator in the fifteen years prior to his hearing. Social Security Ruling 82-62 explains that the recency requirement "is intended to insure that remote work experience which could not reasonably be expected to be of current relevance is not applied." The only evidence supporting the ALJ's finding with respect to the recency requirement is Claimant's testimony, which was unequivocal. Thus, the ALJ's decision is not supported by substantial evidence.

Furthermore, substantial evidence does not support the ALJ's finding that Claimant's past work as a chainsaw operator met the duration requirement. SSR 82-62 defines duration as "the length of time during which the person gained job experience." The ruling notes that the duration

must "have been sufficient for the worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation. The length of time this would take depends on the nature and complexity of the work." The ALJ noted that Claimant intermittently worked in the timber industry for ten years. (Tr. at 24, 259.) As the Commissioner notes, Claimant was able to describe at the hearing his work activities as a chainsaw operator, which Commissioner argues demonstrates that "he learned the job." (Def.'s Br. at 7.) The Court agrees and finds that Claimant's testimony indicates that he was at least familiar with the requirements of the job as a chainsaw operator. However, there is no evidence indicating how long or how often Claimant worked in the timber industry; the evidence indicates that he worked at irregular intervals. (Tr. at 24, 259.) Thus, substantial evidence does not support the ALJ's finding as to the duration requirement of Claimant's past work as a chainsaw operator.

Finally, concerning the substantial gainful activity requirement, the Court finds that there is no evidence that Claimant's past work as a chainsaw operator was substantial gainful activity. Although Claimant testified that he received a cash payment for his services, nothing suggests that the payment was substantial or comparable to the average pay for such work. See 20 C.F.R. §§ 416.972-974 (2004). Accordingly, the ALJ's findings as to the substantial gainful activity requirement is likewise not supported by substantial evidence.

Based upon the foregoing, the Court concludes that this matter must be remanded for further administrative proceedings consistent with this Memorandum Opinion. The Court notes that the ALJ used Medical-Vocational Rules 203.19 and 203.12 as frameworks for his decision. If Claimant's past work as a chainsaw operator does not constitute past relevant work, then application of Medical-Vocational Rule 203.10, as Claimant alleges, would suggest a finding of disabled. The

Court however, makes no recommendation or conclusion with regard to Claimant's disability status. That decision is reserved solely for the Commissioner. Upon remand, the Court requests only that the ALJ comply with all applicable Regulations when deciding whether Claimant's past work as a chainsaw operator constitutes past relevant work.

After careful consideration of the evidence of record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, for the reasons set forth in this Memorandum Opinion and by Judgment Order entered this day, the Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Judgment on the Pleadings is **DENIED**, the final decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings and is **DISMISSED** from the active docket of this Court.

The Clerk of this court is directed to provide copies of this Order to all counsel of record.

ENTER: March 31, 2006.

R. Clarke VanDervort
United States Magistrate Judge